what it purported to be, was valid in accordance with its terms, that it was to be fairly construed, and that the prior art could not be invoked to limit its claims. This is the length to which the rule may be properly carried. Siemens-Halske Elect. Co. v. Duncan Elect. Mfg. Co. et al., 142 Fed. 157, 73 C. C. A. 375. It has never been held to estop an assignor from thereafter employing his genius in a new field of the same art, nor to deny him the fruits of such effort. It does not preclude him from denying infringement, nor of invoking the prior art for the purpose of showing that no infringement in fact exists. As stated by Judge Lurton, for the Circuit Court of Appeals of the Sixth Circuit, in Noonan v. Chester Park Athletic Club Co., 99 Fed. 90, 39 C. C. A. 426:

"But this estoppel, for manifest reasons, does not prevent him from denying infringement. To determine such an issue, it is admissible to show the state of the art involved, that the court may see what the thing was which was assigned, and thus determine the primary or secondary character of the patent assigned, and the extent to which the doctrine of equivalents may be invoked against an infringer. The court will not assume against an assignor, and in favor of his assignee, anything more than that the invention presented a sufficient degree of utility and novelty to justify the issuance of the patent assigned, and will apply to the patent the same rule of construction, with this limitation, which would be applicable between the patentee and a stranger."

We take this to be a correct limitation of the rule. From these considerations we are satisfied that the Circuit Court was right in holding that there was no infringement; and accordingly its decree dismissing the bill should be affirmed.

It is so ordered.

---

VICTOR TALKING MACH. CO. v. DUPLEX PHONOGRAPH CO.

(Circuit Court of Appeals, Sixth Circuit. October 15, 1910.)

No. 2,036.

1. PATENTS (§ 328*)—INFRINGEMENT—TALKING MACHINES.

In the Conn patent, No. 624,301, for an improvement in graphophones, claims 7 and 8, the only feature of novelty is the employment of a double bell, as distinguished from a single bell, in supporting relation with the sound box, and in view of the prior art the patent must be limited to a construction in which the two horns are blended or united at their discharge ends. As so construed, such patent is not infringed by the device of the Hill patent, No. 773,740, in which two separate horns are used.

2. PATENTS (§ 157*)—"BELL."

The term "bell" used in a patent for a graphophone means the amplifying horn used in sound-reproducing machinery.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 157.*]

Appeal from the Circuit Court of the United States for the Western District of Michigan.

Suit in equity by the Victor Talking Machine Company against the Duplex Phonograph Company. Decree for defendant, and complainant appeals. Affirmed.

The following is the opinion of Knappen, District Judge, in the trial court.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This suit is for the infringement of United States patent to Conn, No. 624,-301, May 2, 1889, which has been assigned to complainant. The only claims sued upon are numbers 7 and 8, which are as follows:

"7. In a graphophone, a double bell, a sound box connected to and carried by the inner ends of said bell.

"8. In a graphophone, the combination with a double bell, of a sound box entirely supported and carried by the bell, thereby connecting the inner ends of said bell."

By the term "bell" is meant the familiar amplifying horn now generally used in sound-reproducing machines. The elements of the claims in question are thus seen to be: (1) a "double bell"; (2) a sound box connected to the small ends of the "double bell"; and (3) a carrying of the sound box by the bell. The sound box is described as containing a diaphragm "with sound-chambers on both sides of it which receive vibrations," by the simultaneous delivery of which from both sides of the diaphragm "the quality and quantity of the produced tones are magnified twofold."

With respect to the amplifying bell the inventor says his object is to provide a special form "whereby the sound is delivered from opposite sides of the diaphragm to the best advantage; this object being obtained by employing either a double or single bell, through which the sound is blended or delivered in combined or unitary volume." The inventor further says that "these bells are preferably united or blended at their discharge ends or are otherwise juxtapose, so as to make them discharge uniformly and in a single volume of twofold force the vibrations produced by the opposite sides of the diaphragm. This bell, however, need not necessarily be made double, as shown in Fig. 3. The sound waves from the two sides of the diaphragm can as well be connected into a single bell (shown in Fig. 8) by employing suitable connections, and the result will be fully as satisfactory so far as an added volume of tone from the use of the two sides of the diaphragm is concerned." In the Fig. 3 referred to the bells are shown blended at their discharge ends.

As described and illustrated in the patent specifications, the bell is, by means of cross-brace and supporting arm swiveled thereto, socketed to and clamped upon a post of the feeding mechanism, with force sufficient to impose upon the stylus only the necessary weight to cause it to take properly into the grooves of the record. The defendant's machine differs from the structure

described and illustrated in the patent in three respects: First, it employs a double sound box, viz., two separate diaphragms actuated by a single stylus; second, the two horns or bells not only are nowhere united, but flare apart at an angle of from 15 to 20 degrees; and, third, the feed being from the record, the bells are supported by brace swiveled upon bracket attached to the cabinet, the equilibrium being so adjusted that the stylus enters by force of gravity into and is carried by the record groove. The defendant's machine is claimed by it to be manufactured, as respects the two horn feature, under United States patent to Hill, No. 773,740, Nov. 1, 1904. Its double sound box is claimed to be the result of independent experiment. The record does not disclose that either the patentee or complainant has ever made a machine embodying the double horn construction of the patent in suit, or any double horn construction; or that any double horn construction such as made by defendant was ever put out by any one until it was put upon the market by defendant in the year 1906, seven years after the patent in suit was issued. The defenses are: First, that the patent in suit is anticipated by the structures of the prior art; and, second, noninfringement.

The patents relied upon as disclosing the prior art are British patent to Edison, No. 1,644, April 24, 1878; United States patent to Hall, No. 219,939, September 23, 1879; Bell & Tainter patent, No. 341,214, May 4, 1886; Suess patent, No. 427,279, May 6, 1890; Berliner patent, No. 534,543, February 19, 1895; Bettini patent, No. 618,390, January 31, 1899; British patent to Lake, No. 8,788, May 8, 1897. It is not contended that any of these patents fully anticipate the patent in suit. The specific contention in this regard is that, in view of the prior art as disclosed by these patents, there is no invention in the claims in suit.

Fig. 49 of the Edison patent and the description relating thereto disclose a structure containing two diaphragms, with two trumpet-shaped ends discharging sound in opposite directions. The Hall patent discloses a structure reproducing sound from both sides of a single diaphragm, with provision for conducting sound waves from two parallel mouths in the same direction. In my opinion, the funnel-shaped discharges of the Edison patent and the sound-emitting mouths of the Hall structure are the prototypes and the practical equivalent of the horn or bell of the patent in suit. In the structure disclosed by the Bell & Tainter patent a sound box, mounted substantially as in defendant's machine, is carried by a sound conveyor. In the Suess, Berliner, Bettini, and Lake patents the horn or bell forms part of the means for carrying the sound box. Neither of the five last-named patents relates to a double bell construction. It was thus not new at the date of the alleged invention of the patent in suit to employ two amplifying horns instead of one. Nor was it new to have the sound box carried by the horn. Nor was the use of a sound box connected with two horns new. In my opinion, the only novelty of the claims of the patent in suit is the employment of a double bell, as distinguished from a single bell, in supporting relation with the sound box. Does this feature involve patentable invention?

It is doubtful if the patent in suit should be construed as intended to cover the use of two entirely independent and separate horns constructed and related as are defendant's, for while neither claims nor specifications of the patent in suit require, in terms, an actual uniting of the bells at their discharge ends, it is evident that there must be a substantial union accomplished in some way, as otherwise the sound is not and cannot be "blended or delivered in a combined or unitary volume." It is noticeable that in both claims in suit the "double bell" is nowhere referred to as two bells, but as a bell. But, if the patent is to be so construed as to cover the use of two entirely separate and independent horns constructed and related as are defendant's the patent claims in question are, in my opinion, void for lack of invention. In other words, it is not invention, in my judgment, to support the sound box by two horns rather than by one. If, however, the patent is to be construed as requiring that the two horns be so constructed and related to each other as that the sound is "blended and delivered in combined or unitary volume" (and passing the question of its validity under such construction), it is clear, to my mind, that defendant's structure does not infringe. It requires but the simplest experiment (by way of listening in different locations near the discharge

ends of the horns) to demonstrate that the two horns discharge each a separate and independent volume of sound, which indeed (by reason of differences in the two diaphragms or otherwise) need not of necessity be exactly identical in quality.

In reaching this conclusion upon the validity of complainant's patent, and upon the question of infringement, I have not found it necessary to determine whether defendant's use of two diaphragms distinguishes its structure from that of the patent.

In enumerating and discussing the elements of the claims in suit, I have not overlooked the fact that claim 8 differs from claim 7 in describing the sound box "as entirely supported and carried by the bell," nor defendant's contention that neither in the device of the patent nor in defendant's structure is the sound box so entirely supported and carried. In each structure, however, the sound box is supported and carried by the bell to practically the same extent; and complainant's contention that the claim, taken in connection with the description in the specifications, covers such extent of support is not without apparent force. In view of the conclusion otherwise reached with respect to the questions of validity and infringement, the difference in the respect just referred to, between claims 7 and 8, is not controlling, and no decision is made as to the effect thereof.

For the reasons stated, the bill should, in my opinion, be dismissed.

Horace Pettit, for appellant.

F. L. Chappell, for appellee.

Before SEVERENS and WARRINGTON, Circuit Judges, and COCHRAN, District Judge.

PER CURIAM. The decree of the Circuit Court is affirmed upon the grounds stated in the opinion of Judge Knappen in that court, which is approved.

---

MORSE CHAIN CO. v. LINK BELT CO.

(Circuit Court, S. D. New York. October 31, 1910.)

1. PATENTS (§ 141*)—REISSUES—IDENTITY OF INVENTION.

A reissue patent cannot be issued for an invention other than the one actually described in the original patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 206–213; Dec. Dig. § 141.*]

2. PATENTS (§ 328*) — REISSUES — IDENTITY OF INVENTION — CHAIN DRIVING GEAR.

The Morse reissue patent, No. 12,844 (original No. 757,762), for a chain-driving gear for transmission of power, is void as not being for the same invention as the original patent, which was clearly limited to a two-part pintle.

In Equity. Suit by the Morse Chain Company against the Link Belt Company. Decree for defendant.

J. Edgar Bull and Paul Synnestvedt, for complainant.
Charles Howson, for defendant.

HAND, District Judge. In this suit the complainant should succeed I believe on every point raised except one, though that is unfortunately for him fatal to his success. This objection is that the reissue is not for "the same invention" as the original patent.